IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) CASE NO. 3:25-cr-214-RAH-CWB-3 |
| | ) |
| ALEXANDROS KONSTANINO | ) |
| GIKAS. | ) |
| | ) |

**MEMORANDUM OPINION AND ORDER**

This criminal case comes before the Court on objections (doc. 112) filed by Defendant Alexandros Gikas to a Recommendation (doc. 109) entered on November 21, 2025, by the Magistrate Judge. The Magistrate Judge recommended this Court deny Defendant's motion to dismiss (doc. 95) the indictment for lack of personal jurisdiction and improper venue. After carefully reviewing the record, the Recommendation of the Magistrate Judge, and Defendant's objections, the Court concludes that Defendant's objections are due to be overruled, the Recommendation of the Magistrate Judge is due to be adopted, and Defendant's motion to dismiss is due to be denied.

### I. FACTUAL BACKGROUND

On July 9, 2025, a grand jury returned an indictment against Gikas on two counts of conspiracy to advertise child pornography and conspiracy to distribute child pornography in violation of 18 U.S.C. §§ 2251 and 2252A. (Doc. 23.) Gikas was indicted along with two co-defendants, Jacob Parker and Sean Young. (*Id.*) Parker is a resident of Auburn, Alabama. (Doc. 81 at 7–10.)

Gikas is a resident of Irvine, California. (Doc. 95 at 3.) According to the Government, Gikas maintained a user account on a website dedicated to distribution of child pornography and discussion of child sexual abuse. (Doc. 104 at 2–3.) The FBI traced the location of his account to his home in California, and subsequently

1

executed a search warrant and recovered devices containing child pornography and links to the website. (*Id.* at 3.)

Gikas was indicted by a grand jury sitting in the Middle District of Alabama. The indictment alleges that Gikas willfully conspired with Parker and Young "in Lee County, within the Middle District of Alabama and elsewhere" to advertise and distribute child pornography online. (Doc. 23 at 1–2.) The substantive counts of the indictment—advertisement and possession of child pornography—were only brought against Parker. Parker has since plead guilty and, as part of his plea, admitted that he moderated the website and used it to share child pornography from his Alabama home. (Doc. 81 at 7–10.)

Gikas was arrested in the Central District of California on July 14, 2025. (Doc. 29 at 5.) He subsequently was transferred to the Middle District of Alabama and made his initial appearance here. (Doc. 96.)

Gikas then filed this motion to dismiss the indictment for lack of personal jurisdiction and improper venue. (Doc. 95.) He argued that jurisdiction and venue in the Middle District of Alabama are improper because he "has never traveled to, conducted business in, or owned property in [Alabama], and has no family or personal connections to [Alabama]." (*Id.* at 1–2.) His only connection to Alabama is that one of his co-defendants resides in the Middle District. (*Id.*) After briefing and oral argument, the Magistrate Judge recommended that his motion be denied. (Doc. 109.) Gikas timely objected to the Recommendation. (Doc. 112.)

## II.    STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Criminal Procedure 59(b), the Court must conduct a de novo review of those portions of a magistrate judge's report and recommendation to which a defendant timely and specifically objects. The Court may "accept, reject, or modify, in whole or in part, the findings

or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1); *United States v. Raddatz*, 447 U.S. 667, 673 (1980).

## III.    DISCUSSION

"The Constitution, the Sixth Amendment, and Rule 18 of the Federal Rules of Criminal Procedure guarantee defendants the right to be tried in the district in which the crime was committed." *United States v. Nicholson*, 24 F.4th 1341, 1350 (11th Cir. 2022) (quoting *United States v. Little*, 864 F.3d 1283, 1287 (11th Cir. 2017)). "But venue need only be proved by a preponderance of the evidence as opposed to beyond a reasonable doubt." *Id.* (quoting *Little*, 864 F.3d at 1287). Venue is an essential element of the Government's burden of proof *at trial*. *United States v. Snipes*, 611 F.3d 855, 865 (11th Cir. 2010).

A criminal defendant may bring a pretrial motion to challenge improper venue, but only if "the basis for the motion is then reasonably available and the motion can be determined without a trial on the merits." Fed. R. Crim. P. 12(b)(3). A court evaluating a pretrial venue challenge may not dismiss an indictment based on a factual determination that the Government should be allowed to develop at trial. *Snipes*, 611 F.3d at 866. In other words, an "indictment returned by a legally constituted and unbiased grand jury . . . if valid on its face, is enough to call for trial of the charge on the merits." *Id.* (quoting *Costello v. United States*, 350 U.S. 359, 363 (1956)).

The Magistrate Judge found that venue was proper in the Middle District of Alabama. The Magistrate Judge reasoned that under a Rule 12(b)(3) pretrial challenge to venue, a court is constrained to the facts alleged on the face of the indictment as set out to the grand jury. (Doc. 109 at 3.) Here, the grand jury found probable cause to believe that Gikas committed conspiracy offenses "in Lee County, within the Middle District of Alabama and elsewhere." That, according to the

Magistrate Judge, was sufficient to render venue proper in the Middle District of Alabama.

Gikas argues that venue is improper because the only alleged connections he has with the Middle District of Alabama are the actions of his Alabama-based co-defendant.[1] (Doc. 112 at 2–3.) He argues that these connections are legally insufficient to establish venue in this district. And, contrary to the Magistrate Judge's Recommendation, Gikas states that the Court may make a legal determination of venue before trial based on agreed-upon or undisputed facts not contained on the face of the indictment. *See United States v. Ayo*, 801 F. Supp. 2d 1323, 1328 (S.D. Ala. 2011) (noting that "a court may resolve venue before trial when the question is one of law and not of disputed fact"). He argues that the indictment must be dismissed because there is a "complete lack of evidence" as to venue: the Government has not produced any messages, emails, phone calls, or other evidence suggesting that he conspired with his Alabama-based co-defendant. (Doc. 105 at 3.)

Even if the Court could consider undisputed facts outside the face of the indictment, Gikas has not established that facts essential to a venue determination are undisputed and capable of determination without a trial on the merits. *See* Fed. R. Crim. P. 12(b)(3).

To sustain a conviction for conspiracy to distribute or advertise child pornography, the Government must prove beyond a reasonable doubt that two or more persons agreed to commit the substantive offense. *United States v. Cross*, 928 F.2d 1030, 1042 (11th Cir. 1991); *United States v. Grovo*, 826 F.3d 1207, 1217 (9th

---

[1] Gikas also argued before the Magistrate Judge that personal jurisdiction was improper. But the Magistrate Judge nevertheless found that personal jurisdiction was proper because the grand jury issued an indictment charging him with crimes committed in the Middle District of Alabama. *See United States v. Rendon*, 354 F.3d 1320, 1326 (11th Cir. 2003) ("A federal district court has personal jurisdiction to try any defendant brought before it on a federal indictment charging a violation of federal law" in its district.). Gikas does not object to the Magistrate Judge's reasoning. Finding no clear error, this Court agrees that personal jurisdiction is proper.

Cir. 2016). Congress provided that venue is proper "in any district in which such offense was begun, continued, or completed." 18 U.S.C. § 3237(a). "[I]n an action involving a conspiracy, as with all continuing offenses under 18 U.S.C. § 3237(a), the offense has been committed in any district where any overt act was performed in furtherance of the conspiracy." *United States v. Bradley*, 644 F.3d 1213, 1253 (11th Cir. 2011). The "overt act" need not be committed by the defendant; overt acts of co-defendants can expose the defendant to jurisdiction in another district. *United States v. Matthews*, 168 F.3d 1234, 1246 (11th Cir. 1999). Where an out-of-district defendant conspires with a co-defendant who commits a substantive crime in the district of prosecution, venue lies in the district of prosecution as to all co-conspirators. *See United States v. Long*, 866 F.2d 402, 406–07 (11th Cir. 1989).

Thus, venue is proper in this district as long as Gikas (1) agreed to commit the substantiative offenses and (2) a co-conspirator took an overt act in furtherance of the conspiracy in this district. Both of these essential, fact-bound determinations are not, as Gikas argues, undisputed or capable of resolution without a trial on the merits. According to the indictment, the grand jury found probable cause to believe that Gikas conspired to advertise and distribute child pornography "within the Middle District of Alabama." (Doc. 23 at 1–2.) This Court cannot determine whether venue is proper without improperly standing in the shoes of the jury and evaluating the sufficiency of the Government's evidence that it has yet to produce. Accordingly, Gikas has not established that venue is improper in this district.

Additionally, Gikas argues that the Court should transfer the proceeding because of the prejudice he would face if he were forced to defend against these allegations in this district. Under Rule 21(a), the Court may transfer the proceeding if the Court is satisfied that "so great a prejudice against the defendant exists in the transferring district that the defendant cannot obtain a fair and impartial trial there." Fed. R. Crim. P. 21(a). A defendant can establish prejudice by two methods. First,

he "can demonstrate that a fair trial was impossible because the jury was actually prejudiced against him." *United States v. Campa*, 459 F.3d 1121, 1143 (11th Cir. 2006). Second, "he can show that juror prejudice should have been presumed from prejudice in the community and pretrial publicity." *Id.*

Gikas argues that he faces prejudice because "he has no support system in Alabama, no ties to the community, no evidence of the alleged crime is in Alabama, and that all of the alleged conduct occurred outside of Alabama." (Doc. 112 at 4.) He also argues that he faces potential prejudice because he will be unable to resolve all of the allegations against him in one proceeding. (*Id.* at 5.) He states that if he were found not guilty of the conspiracy charges, he might still be subsequently charged with the substantive offenses of advertisement and possession of child pornography in the Central District of California.

These assertions are insufficient to establish either actual or presumed prejudice. Rule 21(a) "concerns juror prejudice against the defendant" not the costs of trial or other personal circumstances. *United States v. Williams*, 605 F. App'x 878, 880 (11th Cir. 2015). Gikas provides no evidence suggesting that he could not receive a fair trial by a jury in this district. And the potentiality of subsequent criminal charges does not establish that he cannot receive a fair trial. Accordingly, his motion to transfer venue is due to be denied.

### IV.     CONCLUSION

For the reasons stated, the Magistrate Judge's Recommendation (doc. 109) is **ADOPTED** and the Defendant's Motion to Dismiss (doc. 95) is **DENIED**.

DONE on this the 9th day of January 2026.

_____
R. AUSTIN HUFFAKER, JR.
UNITED STATES DISTRICT JUDGE